E-FILED
Monday, 09 March, 2026  01:00:21 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANDRE C. PATTERSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-3132 |
| | ) | |
| JB PRITZKER *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Andre C. Patterson, an inmate at Logan Correctional Center ("Logan"). Plaintiff also filed Motions for Counsel (Doc. 4) and Status (Doc. 6).

### I.    Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II.    Factual Allegations

Plaintiff alleges constitutional violations at Logan against the following Defendants: Illinois Governor JB Pritzker; Illinois Department of Corrections Director Latoya Hughes; Chief Melinda Eddy; Wardens Jean Marie Case, John Doe, Michael Long, and Pierce; Lieutenant John Doe, and Correctional Officer John Doe.

Plaintiff's pleading alleges a series of conditions that he claims have existed at Logan since 2019. These include black mold in the showers, nutritionally inadequate food, unsanitary mattresses, poor lighting, soiled light shields, clogged ventilation, vermin infestation, mildew, clogged toilets, laundry detergent shortage, excessive noise, dirty prison and clinic areas, poor air quality, oppressive heat in the summer, and frigid temperatures in the winter. Included in Plaintiff's list are unspecified allegations of staff harassment, widespread sexual assaults, and that Plaintiff experienced food poisoning. Plaintiff asserts that "all named Defendants are aware that Plaintiff is living in unsafe and hazardous conditions." (Pl. Compl., Doc. 1 at 5-6.)

## III.    Analysis

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)); *see also Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (explaining that plaintiffs "need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of"). In addition to describing the claim, a plaintiff must also give "some indication . . . of time and place." *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004).

Despite naming Defendants Case, Warden Doe, Lieutenant Doe, Corrections Officer Doe, Eddy, Hughes, Long, Pierce, and Pritzker, and providing an incredible listing of conditions, which include allegations about harassments and assaults, Plaintiff does not satisfy the requirements of Rule 8 by providing facts that establish or allow the inference that the specific acts or omissions of each individual mentioned violated Plaintiff's constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot.").

Additionally, subject to the tolling of time to comply with mandatory administrative remedies requirements, Plaintiff does not specify times when these alleged violations occurred, except to acknowledge that the varied conditions have existed since 2019. *See Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.") (citing 735 Ill. Comp. Stat. 5/13-202).

Consequently, the Court dismisses Plaintiff's Complaint for failure to state a claim. Despite the dismissal, if Plaintiff believes he can revise his pleading to state a cause of action, he may file an amended pleading. However, the Court does not accept piecemeal amendments. Plaintiff's amendment cannot refer to his dismissed Complaint and must contain all claims against all defendants. In other words, Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

Plaintiff is advised that any attempt to join unrelated claims and defendants is prohibited. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are permitted, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

## IV.    Motion for Counsel

Plaintiff also moves to recruit counsel (Docs. 3). Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 3) is denied because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received. Plaintiff's Motion for Status (Doc. 6) is moot with the entry of this Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 3) is DENIED.**

2) **Plaintiff's Motion for Status (Doc. 6) is MOOT.**

3) **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

4) **The Court GRANTS Plaintiff leave to file an amended complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED March 9, 2026.


s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE